UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-20977-MARTINEZ/BROWN

CONSENT CASE

REINOL G. BELLO, PEDRO ALBERTO )
RODRIGUEZ, RAMON G. DELGADO, )
CARLOS GRAELL, FRANCISCO R. )
BERMUDEZ, RAUL OLIVA, LIVAN ROSA, )
FIDEL ROURA MILAN, JOSE DALAMA, )
RULY CESAR VAZQUEZ RIVERO, )
OSMANY PERERA RODRIGUEZ and all other )
similarly situated under 29 USC 216(B), )
                                                      )
            Plaintiffs,                               )
    vs.                                               )
                                                      )
QUICKCRETE READY MIX, INC.,           )
PROGRESSIVE EMPLOYER SERVICES III, )
LLC, and BARBARA SEOANE-MUNOZ )
                                                      )
            Defendants                                )
_____ )

**PLAINTIFFS' MOTION TO STRIKE AFFIDAVITS ATTACHED TO DEFENDANTS REPLY BRIEF IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Come Now Plaintiffs, by and through undersigned counsel and hereby move to Strike Defendants Affidavits attached to Defendants Reply Brief and in support thereof state as follows:

1. Plaintiffs move to strike portions of the affidavit of Santos Rafael Munoz (attached as Exhibit B) that raise issues and evidence for the first time not presented in Defendants Motion for Summary Judgment. Specifically Plaintiffs move to strike:

    1) Paragraph 5 states for the first time the number of repeat customers is being brought up for the first time in Defendants reply brief;

2) Paragraph 6 should be stricken and it directly contradicts Defendant's previous deposition testimony whereby he testified that when Defendants purchased the fiber, they never purchased said fiber with a particular customer in mind. [Munoz Depo. P. 28-29]. No the affidavit states that they did. Defendants should not be allowed to change their testimony for the first time in an attached affidavit 6 months after their deposition was taken. To allow Defendants to do that, defeats the entire purpose of discovery, unfairly prejudices the Plaintiffs and never affords Plaintiffs an opportunity to respond to Defendants new allegations as Defendants only attached said information for the first time in their reply brief which does not afford Plaintiffs the opportunity to respond.

3) Paragraph 7 of Defendant's affidavit. Reference to attached copies from R&L Carriers should be stricken as Defendants never produced said documents in discovery (specifically documents attached as Exhibit 1 [D.E. 85] 7 of 28 and 8 of 28). Defendants in the case at hand have produced over 11,000 documents in discovery. Plaintiff's counsel has gone through all documents produced and could not locate said documents from R & L Carrier that were produced by Defendants for the first time in their reply brief. Plaintiffs' counsel has requested Defendants point out to Plaintiff's counsel where said documents were produced in either response to Plaintiffs' discovery requests or as obligated by Federal Rule of Civil Procedure 26 initial disclosure requirements. However, as of filing Plaintiffs' Motion, Defendants have not responded as to when said documents were ever produced. Therefore, any affidavit that relies on said documents must be stricken and cannot be used in support of Defendants Motion for Summary Judgment.

    4) Paragraph 11 of Defendant's affidavit should be stricken. Any clarification to Defendant's deposition should have been done prior to Defendants filing for summary judgment or the filing of its reply brief. Defendant's deposition was taken on May 18, 2011. Defendant's waited until November 15, 2011 for the first time to clarify how long fiber remains in the warehouse. Plaintiffs' counsel specifically addressed this issue in Defendants deposition to which Defendant testified that he did not know how long the materials such as fiber would remain in their yard before being used or sent to a customer. [Munoz Depo. P. 30].

2. Plaintiffs further move to strike paragraphs 7 and 8 of the affidavit of Manuel Fernandez Silva.

    1) Pursuant to Federal Rule of Civil Procedure 56 (c)(4) an affidavit in support of a Motion for Summary Judgment must be made with personal knowledge admissible under the Federal Rule of Evidence. "(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Defendants did not provide said affidavit in support of their motion for summary judgment, but rather for the first time filed the affidavit in their Reply brief without affording Plaintiffs any opportunity to address said affidavit. Furthermore, the affidavit, specifically paragraphs 7 and 8 are not made with an personal knowledge as required by Rule 56(c)(4). Did Manuel Fernandez Silva ever travel outside the State of Florida and see where the fiber was being delivered from? How does Manuel Fernandez Silva have

any personal knowledge as to where Euclid Chemical Company manufacturer or store it's fiber? All Manuel Fernandez Silva affidavit does, is make conclusory arguments without any personal knowledge. As such, said testimony without laying the proper predict would not be admissible under the Federal Rules of Evidence and should be stricken and disregarded by the Court.

3. Furthermore, both affidavits should have been produced as attachments to Defendants Motion to Summary Judgment and not as attachments to their reply brief as any arguments and exhibits to support Defendants Motion for Summary Judgment should have been presented to this Court with Defendants initial motion.

### Memorandum of Law:

The affidavits presented by Defendants raise new arguments or introduce new evidence that was never produced or should have been attached to Defendants initial motion for summary judgment.

> The court further notes that "[r]eply briefs are for replying, not for raising new arguments or arguments that could have been advanced in the opening brief." *Autotech Technologies Limited Partnership v. AutomationDirect.com*, Inc., No. 05-c-5488, 249 F.R.D. 530, 2008 U.S. Dist. LEXIS 23499, at *18 (N.D. Ill. Mar. 25, 2008). If the parties limit their reply briefs to these parameters, sur-replies should rarely, if ever, be necessary.

*City of Mt. Park v. Lakeside at Ansley*, LLC, 2008 U.S. Dist. LEXIS 120898, 8-9 (N.D. Ga. Apr. 25, 2008). "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *N.H. Ins. Co. v. Wiregrass Constr. Co.*, 2011 U.S. Dist. LEXIS 6154 (S.D. Ala. Jan. 20, 2011). The Wiregrass Court went on to state in the attached footnote:

> *See Park City Water Authority v. North Fork Apartments, L.P.*,

> 2009 U.S. Dist. LEXIS 98556, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. E.g., *Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

*N.H. Ins. Co. v. Wiregrass Constr. Co.*, 2011 U.S. Dist. LEXIS 6154 (S.D. Ala. Jan. 20, 2011).

The full quote from the Eleventh Circuit in Herring was:

> As we repeatedly have admonished, "arguments raised for the first time in a reply brief are not properly before a reviewing court." *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994) (citation omitted); see also *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (Court need not address issue raised for first time in reply brief), cert. denied, 539 U.S. 951, 156 L. Ed. 2d 643, 123 S. Ct. 2628 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for first time in reply brief waived); *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief).

*Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005). In the case at hand, Defendants have raised arguments and exhibits from the first time in their reply brief. Specifically, as noted above, several exhibits and testimony were introduced via affidavits that contradict the sworn deposition testimony of Defendants as well as Defendants affidavits rely on documents that were never introduced during discovery. As such, these are new arguments raised by Defendants for the first time in their reply brief which should be stricken and given no weight by the Court in ruling on Defendants Motion for Summary Judgment.

## **CERTIFICATE OF GOOD FAITH CONFERRAL 7.1(A)(3)**

On December 8, 2011 Plaintiffs' counsel contacted counsel for Defendants requesting Defendants position on Plaintiffs' Motion to Strike. On December 12, 2011, Defendants' Counsel responded that they opposed Plaintiffs Motion.

Wherefore, Plaintiffs respectfully requests that the Court strike said affidavits and the attachments that said affidavits rely upon and not give said affidavits any weight in ruling on Defendants Motion for Summary Judgment.

Respectfully submitted,

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld ____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013

**CERTIFICATE OF SERVICE:**

I hereby certify that a true and correct copy of the foregoing Plaintiffs Motion to Strike was sent via CM/ECF to Reynaldo Velazquez, Esq., Ford & Harrison, 100 S.E. 2nd Street, Suite 2150, Miami, Florida 33131, Fax: (305) 808-2101, Email: rvelazquez@fordharrison.com on this 12th day of December 2011.

Daniel T. Feld, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ Daniel T. Feld ____
    Daniel T. Feld, Esq.
    Florida Bar No.: 0037013