10-20977.ob

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 10-20977-CIV-BROWN

**THIS IS A CONSENT CASE**

REINOL G. BELLO, PEDRO ALBERTO
RODRIGUEZ and RAMON G. DELGADO,

    Plaintiffs,

vs.

QUICKCRETE READY MIX, INC.,
PROGRESSIVE EMPLOYER SERVICES III,
LLC, and BARBARA SEOANE-MUNOZ,

    Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (D.E. 70). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

### Facts

This is an action brought by the Plaintiffs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216(B), who allege they worked in excess of forty (40) hours per week, and were not paid the statutory overtime rate.

Defendant Quickcrete Ready Mix, Inc. ("Quickcrete") is a distribution and delivery company that sells and delivers concrete and fiber from its distribution center located in Medley, Florida. Defendant Barbara Seoane-Munoz is the President of Quickcrete. Quickcrete employs drivers to deliver concrete and/or fiber to its customers who are located within the State of Florida. All of the

1

individual Plaintiffs with the exception of Plaintiff Carlos Graell were employed as drivers of Quickcrete's delivery trucks. Plaintiff Graell was employed by Quickcrete as a supervisor mechanic.

Defendants argue that Quickcrete is exempt from paying Plaintiffs overtime under the Motor Carrier Act Exemption to the FLSA, which exempts employees"with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of [section 31502] of Title 49 . . . ". Baez v. Wells Fargo Armored Service Corp., 938 F.2d 180, 181 (11th Cir. 1991) (citing 29 U.S.C. §213(b)(1)). This exemption "applies to employees who "(1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to the Secretary's [of Transportation] jurisdiction under the Motor Carrier Act; and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." Id. at 182 (citing 29 C.F.R. §782.2); see also Mena v. McArthur Dairy, 352 F. App'x 303, 305-06 (11th Cir. 2009).

## Discussion

The purpose of summary judgment is "to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee's note). Summary judgment is proper only when no genuine dispute as to any material fact exists and the moving party is entitled to a judgment as a matter of law. H&R Block Eastern Enterprises, Inc. v. Morris, 606 F.3d 1285, 1290 (11th Cir. 2010); Fed.R.Civ.P. 56.[1]

The moving party bears the initial burden of explaining to the Court the basis for the motion and identifying those portions of the record that demonstrate that there is no genuine dispute of

---

[1] An issue of fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

material fact. Allen v. Board of Public Educ. for Bibb County, 495 F.3d 1306, 1313 (11th Cir. 2007). Thus the movant must either show that the nonmoving party has no evidence to support its case, or present "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004). However, the Court must view all of the evidence in the light most favorable to the nonmoving party, with all reasonable inferences also being drawn in the nonmovant's favor. Info. Sys.& Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224 (11th Cir. 2002); Siemens Power Transmission & Distribution, Inc. v. Norfolk Southern Railway Co., 420 F.3d 1243, 1248 (11th Cir. 2005). If the movant is able to demonstrate either of the aforementioned requirements, the burden shifts to the nonmoving party to show that a genuine dispute remains for trial. Dietz v. Smithkline Beecham Corp., 598 F.3d 812, 815 (11th Cir. 2010).

A genuine dispute as to material fact exists only when "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Allen, 495 F.3d at 1313; Hickson Corp., 357 F.3d at 1260.   Where a reasonable fact finder may "draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion." Doe v. School Bd. of Broward County, Fla., 604 F.3d 1248, 1254 (11th Cir. 2010) (quoting Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)).

Plaintiffs concede that the first prong of the Motor Carrier Act Exemption applies in their case, but maintain that Defendants have not established the second prong of the exemption because everything Plaintiffs did for Quickcrete was "local in nature and did not continue to move passengers or property in interstate or foreign commerce. " Resp. p. 6. Defendants concede that Quickcrete's trucks and drivers only transport concrete and fiber from its Medley distribution center to customers

within the state of Florida, but argue that "for purposes of the Motor Carrier Act 'purely intrastate transportation can constitute part of interstate commerce if it is part of a 'continuous stream of interstate travel'." Mena, 352 F. Appx. at 306.[2] Defendants maintain that the fiber that Quickcrete supplies to its customers is "part of a continuous stream of interstate travel" because it is purchased from Euclid Chemical Co., a company which is located in Cleveland, Ohio, and remains in Quickcrete's facility for only two weeks before it is delivered to customers.

Even if this Court were to find that the storage period does not interrupt the "continuous stream" of travel, Quickcrete's dispatcher testified that he placed orders for the fiber that Quickcrete supplies through a sales representative who is located in Florida. Although Defendants presented with their Reply certain affidavits in support of their position that the fiber was actually delivered from a location outside of the state, that evidence was stricken by the Court. When this Court considers the record before it as a whole, the Court finds a genuine dispute exists as to where the fiber originated, and therefore an issue as to whether Plaintiffs drove or serviced motor vehicles which transported property in "interstate commerce" for purposes of satisfying the exception upon which Defendants rely.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment is hereby **DENIED**.

**DONE AND ORDERED** this 20th day of December, 2011, at Miami, Florida.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  counsel of record

---

[2]The Eleventh Circuit stated that this occurs when there is "a practical continuity of movement between the intrastate segment and the overall interstate flow, as indicated by examining the shipper's fixed and persistent intent." Mena, 352 F. Appx. at 306 (quoting Walters v. American Coach Lines of Miami, Inc., 575 F.3d 1221, 1229 (11th Cir. 2009)). In order to determine this intent, the Court, using a practical approach, must examine "all of the facts and circumstances surrounding the transportation." Id. at 306, n.2.